I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6-20-11

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN 20 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RENATO D. QUEZADA,

    Plaintiff,

vs.

LEE BACA, SHERIFF, et al.,

    Defendants.

Case No. CV 11-5004-JAK (RNB)

ORDER TO SHOW CAUSE

On June 16, 2011, plaintiff (who currently is incarcerated at California Mens Colony West in San Luis Obispo, California) filed a pro se civil rights complaint herein, after being granted leave to proceed in forma pauperis. The Complaint purports to name three defendants in both their individual and their official capacities: Los Angeles County Sheriff Lee Baca; the Warden of North Kern State Prison ("NKSP"), Maurice Junious; and a correctional officer at North Kern State Prison, Lt. Scotts. The gravamen of plaintiff's claims is that his Eighth Amendment rights were violated when, after being transferred to NKSP from Los Angles County Mens Central Jail on May 28, 2010, he initially was placed in a holding cell at NKSP and required to sleep on the floor. From one of the attachments to the Complaint, it appears that plaintiff was kept in this holding cell for three nights.

For the reasons discussed hereafter, within twenty-eight (28) days of the service date of this Order, plaintiff is ordered to show cause, in writing (a) why his claims against Sheriff Baca should not be dismissed,[1] and (b) why this action should not be transferred to the Eastern District of California.

## DISCUSSION

### A. Plaintiff's allegations are insufficient to state a federal civil rights claim against Sheriff Baca.

As best the Court can glean from the face of the Complaint, plaintiff's theory of liability against Sheriff Baca is that the Sheriff had a "duty and responsibility" to insure that inmates transferred to NKSP had access to beds, linens, and towels; and that the Sheriff knew there was insufficient bed space at NKSP.

In California, the responsibility for operating county jails is placed by law upon the sheriff, who is required by statute to take charge of and keep the county jail and the prisoners in it, and is answerable for the prisoners' safekeeping. See Cal. Penal Code §§ 4000, 4006; Cal. Gov. Code §§ 26605, 26610. By way of contrast, the responsibility for the supervision, management and control of state prisons is vested in the Secretary of the California Department of Corrections and Rehabilitation. See Cal. Penal Code §§ 5054, 5003. Since Sheriff Baca had no duty or responsibility to insure that plaintiff had access to beds, linens, and towels at NKSP, plaintiff has failed to state a federal civil rights claim against Sheriff Baca in his individual

---

[1] Under the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court is required to screen the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); see also 42 U.S.C. § 1997e(c)(1). In this instance, the Court has screened the Complaint solely for purposes of determining whether plaintiff's allegations are sufficient to state a federal civil rights claim against Sheriff Baca.

capacity on which relief may be granted. Moreover, this pleading deficiency is not capable of being cured by amendment.

Nor are plaintiff's allegations sufficient to state a federal civil rights claim against Sheriff Baca in his official capacity. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Under Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978), the County of Los Angeles may not be held liable for acts of its officials unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or if the constitutional deprivation was "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." See also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991). Here, plaintiff has failed to allege any connection whatsoever between the action alleged to be unconstitutional (the lack of inmate access to beds, linens, and towels at NKSP) and any of the County of Los Angles's policy statements, ordinances, regulations, officially adopted and promulgated decisions, or customs. This pleading deficiency also is incapable of being cured by amendment.

**B.    This case should be transferred to the Eastern District of California.**

Pursuant to 28 U.S.C. § 1391(b), proper venue over a civil rights action such as this lies only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property

3

that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.

Here, plaintiff failed to allege in the Complaint where any of the three named defendants resides. However, plaintiff did allege as the address for Warden Junious and Lt. Scott the address of NKSP, where those defendants work and where the alleged events giving rise to plaintiff's claims occurred. NKSP is located in Kern County, which lies within the Eastern District of California. See 28 U.S.C. § 84(b). Plaintiff alleged as the address for Sheriff Baca the address of the Los Angeles County Sheriff's Department in Monterey Park, which is located in Los Angeles County and which lies within this District (i.e., the Central District of California).

Thus, on the face of the Complaint, it appears that this action properly could have been brought in either the Eastern District of California or the Central District of California pursuant to the first criterion of 28 U.S.C. § 1391(b), and could properly have been brought in the Eastern District of California pursuant to the second criterion of § 1391(b).

While a basis for venue does appear to exist in this District, "[f]or the convenience of the parties and witnesses and in the interest of justice," the Court has the power pursuant to 28 U.S.C. § 1404(a) to transfer an action on its own initiative at any stage of the proceedings "to any other district or division where it might have been brought." See Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Schwarzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial ¶ 4:774 (2011 rev. ed.).

Here, it appears to the Court that a transfer under § 1404(a) to the Eastern District of California is warranted "[f]or the convenience of the parties and witnesses and in the interest of justice." As discussed above, plaintiff's allegations are insufficient to state a federal civil rights claim against the only one of the three named defendants whose residence gives rise to a basis for venue in this District. The other two named defendants and the other witnesses having percipient knowledge of the

relevant facts reside in the Eastern District. Moreover, the events or omissions giving rise to plaintiff's claims occurred in the Eastern District. The only considerations militating against transfer are that plaintiff chose this forum and plaintiff currently is incarcerated at a prison facility in this district. However, plaintiff's place of incarceration actually is closer in distance and travel time to the Eastern District of California courthouses in Fresno and Bakersfield than it is to the nearest Central District of California courthouse in Los Angeles. It therefore appears to the Court that the Eastern District of California is a more convenient forum for this action than the Central District of California.

**********************

Plaintiff is admonished that, if he fails to file a timely response to this Order to Show Cause, such failure may be deemed as consent to the dismissal of Sheriff Baca and the transfer of this action to the Eastern District of California.

DATED: June 17, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE