1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RENATO D. QUEZADA,                          Case: No. 1:11-cv-01254-GBC (PC)

10                                             ORDER TO SHOW CAUSE REGARDING
                          Plaintiff,           EXHAUSTION
11
         v.                                    (Doc. 3)
12
   MAURICE JUNIOUS, et al.,
13

14                        Defendants.
                                          /
15

16       **I.       Factual and Procedural Background**

17       Renato D. Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18  in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 16, 2011, Plaintiff filed the

19  original complaint.  (Doc. 3).  On the form complaint, Plaintiff concedes that he has not exhausted

20  administrative remedies stating that the outcome is still pending.  (Doc. 3 at 2).

21       **II.      Exhaustion Requirement**

22       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

23  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

24  confined in any jail, prison, or other correctional facility until such administrative remedies as are

25  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

26  administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney*

27  *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The Court must dismiss a case without

28  prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164,

1  1170 (9th Cir. 2005).

2  Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532

3  U.S. 731, 741, 121 S.Ct. 1819 (2001).  A prisoner "must use all steps the prison holds out, enabling

4  the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009);

5  *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to

6  non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies.  42

7  U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

8  The Court takes judicial notice of the fact that the California Department of Corrections and

9  Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.

10  15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  *Id.* at § 3084.2(a).

11  Four levels of appeal are involved, including the informal level, first formal level, second formal

12  level, and third formal level, also known as the "Director's Level."  *Id.* at § 3084.5.  Appeals must

13  be submitted within fifteen working days of the event being appealed, and the process is initiated by

14  submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.*

15  at §§ 3084.5, 3084.6(c).

16  In order to satisfy section 1997e(a), California state prisoners are required to use the available

17  process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378,

18  2383 (2006); *McKinney*, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and

19  . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435

20  U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet

21  federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting

22  *Booth*, 532 U.S. at 739 n.5).  In this instance, Plaintiff conceded that he has not exhausted

23  administrative remedies.

24  ///

25  ///

26  ///

27  ///

28  ///

2

1    **III.    Conclusion and Order**

2           Because it is apparent that Plaintiff has not completed the grievance process, the Court

3    HEREBY ORDERS: Plaintiff SHALL SHOW CAUSE why the action should not be dismissed

4    for failure to exhaust administrative remedies withing thirty (30) days of the date of service of

5    this order.

6

7    IT IS SO ORDERED.

8

9    Dated:      August 1, 2011

     _____
     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28