# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO D. QUEZADA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | Case: No. 1:11-cv-01254-GBC (PC)<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO OBEY COURT ORDER<br><br>(Doc. 10) |

**I.Factual and Procedural Background**

Renato D. Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 16, 2011, Plaintiff filed the original complaint. (Doc. 3).  On the form complaint, Plaintiff concedes that he has not exhausted administrative remedies stating that the outcome is still pending. (Doc. 3 at 2).  On August 1, 2011, the Court issued an order to show cause and ordered Plaintiff to respond within thirty days of service of the order or the action would be dismissed without prejudice. (Doc. 10).

**II.Failure to Comply With Court Order and Failure to Prosecute**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

1  appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).
2  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
3  failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46
4  F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963
5  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
6  amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for
7  failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
8  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
9  with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure
10 to lack of prosecution and failure to comply with local rules).

11 In determining whether to dismiss this action for failure to comply with the directives set
12 forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious
13 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
14 defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy
15 favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.
16 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

17 'The public's interest in expeditious resolution of litigation always favors dismissal.'
18 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983,
19 990 (9th Cir. 1999)). Plaintiff is obligated to comply with the Local Rules and was informed via
20 court order regarding the need respond to the order to show cause. (Doc. 10). The Court's effort
21 was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party
22 ceases to obey the orders of the court and litigate the case. Thus, both the first and second factors
23 weigh in favor of dismissal.

24 Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
25 of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the
26 risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's
27 failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the
28 third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources.  Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643.  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

In summary, Plaintiff has failed to respond to the Court's order to show cause.  More than a month has passed since the Court originally ordered Plaintiff to respond to its order to show cause and Plaintiff has not responded, despite being notified of the requirement via the Court's order specifically directing him to respond. (Doc. 10).

### III.   Conclusion and Order

Since Plaintiff has failed to respond to the Court's orders on August 1, 2011, the Court HEREBY ORDERS: Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure to obey court orders.

IT IS SO ORDERED.

Dated:    September 7, 2011                                   _____
                                                              UNITED STATES MAGISTRATE JUDGE