# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO D. QUEZADA,<br><br>              Plaintiff,<br><br>     v.<br><br>MAURICE JUNIOUS, et al.,<br><br>              Defendants. | Case: No. 1:11-cv-01254-GBC (PC)<br><br>RULE 60(a) CORRECTION TO ORDER FILED SEPTEMBER 8, 2011, AMENDING ORDER AND DISMISSING ACTION ON FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 14) |

**I.      Factual and Procedural Background**

Renato D. Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 16, 2011, Plaintiff filed the original complaint. (Doc. 3). On the form complaint, Plaintiff conceded that he had not exhausted administrative remedies stating that the outcome is still pending. (Doc. 3 at 2). On August 1, 2011, the Court issued an order to show cause and ordered Plaintiff to respond within thirty days of service of the order or the action would be dismissed without prejudice. (Doc. 10). On September 8, 2011, the Court dismissed the action for failure to prosecute. Also on September 8, 2011, Plaintiff filed a response to the order to show cause and submitted a verification that it was sent within the time allotted. (Doc. 17). Therefore, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure,[1] the

---

[1] Rule 60(a) states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

1 Court will reconsider it's order filed on September 8, 2011, in order to consider the response that
2 Plaintiff timely submitted.

**II.     Failure to Exhaust Administrative Remedies**

In Plaintiff's response to the order to show cause, Plaintiff asserts that, in error, he checked the box indicating that he had not completed administrative remedies and further argues that his attachments in his original complaint and response support that he has exhausted administrative remedies. (Doc. 17).  However, even assuming as true that the incorrect box was checked, Plaintiff explicitly typed in his complaint twice that the grievance was still pending.  Although Plaintiff's attached declaration contradict what he asserts in his form complaint (Doc. 3 at 8), his other attachments contradict his declaration. (Doc. 3 at 10-11).  Plaintiff attaches from a law firm dated July 12, 2010, where a representative of the law firm writes that they are responding to a letter received from Plaintiff on June 23, 2010.  (Doc. 3 at 11).  The letter from the firm asks Plaintiff if he has exhausted administrative remedies or filed a grievance and Plaintiff writes as a response that he filed a grievance on August 20, 2010, which is a month after the law firm sent the letter to Plaintiff. (Doc. 3 at 11).  Further, Plaintiff attaches a copy of a 602 grievance that indicates he filed it on August 20, 2010. (Doc. 3 at 10).  Additionally, although Plaintiff submitted documentation that the California Victim Compensation and Government Claims Board has giving him notice that he could file his claim in court, that does not exhaust the prison administrative remedies for the purposes of this action. (Doc. 3 at 13).

Although Plaintiff correctly points out that exhaustion is not a pleading requirement, Plaintiff placed it at issue when he conceded that he did not exhaust and that his pursuit of administrative remedies were still pending. (Doc. 3).  As the Court observed in its order to show cause, a prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). In reviewing Plaintiff's complaint, the Court finds that Plaintiff conceded to failing to exhaust administrative remedies and Plaintiff's attachments  do not completely negate Plaintiff's concession.  Moreover, Plaintiff has not demonstrated that an exception applies.

### III.     Conclusion and Order

Based on the foregoing, the Court HEREBY ORDERS Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:     September 15, 2011

UNITED STATES MAGISTRATE JUDGE